IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-685 |
| | § | C.A. No. C-07-99 |
| JOSE MARTIN SANDOVAL-ESPINO, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Movant Jose Martin Sandoval-Espino's ("Sandoval") filed a motion to vacate his sentence under 28 U.S.C. § 2255 on June 20, 2006, which was assigned a corresponding civil action, No. 2:06-cv-570. (D.E. 37.)[1] On March 1, 2007, the Clerk received from him a second motion pursuant to 28 U.S.C. § 2255, which was assigned a separate civil number by the Clerk, No. 2:07cv99. (D.E. 42.) Although Sandoval's second motion contains some of the same arguments raised in his initial § 2255 motion, it also includes additional claims unrelated to those in his first motion.

To the extent that his second motion raises the same claims as his first, those claims will be addressed by separate order when the Court addresses his first § 2255 motion in 2:06-cv-570. To the extent that his second motion contains new claims, the Court concludes that it is not necessary to order a government response to Sandoval's second § 2255 motion because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. That is, Sandoval's motion is second or successive and he has

---

[1] Docket entries refer to the criminal case, Cr. No. C-04-685.

1

not sought or received permission from the Fifth Circuit to file it. Additionally, those claims not also in his first motion are untimely. For these reasons, set forth in more detail herein, the Court denies Sandoval's second § 2255 motion. (D.E. 42.)

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. CRIMINAL PROCEEDINGS

On December 8, 2004, Sandoval was charged with a co-defendant in a single-count indictment with knowingly and intentionally possessing with intent to distribute more than five hundred (500) grams of cocaine, to-wit: approximately two thousand and twenty (2,020) grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. (D.E. 15.) Sandoval pleaded guilty pursuant to a written plea agreement that contained a waiver of his right to appeal and a waiver of his right to file a motion pursuant to 28 U.S.C. § 2255. (D.E. 26, 27.)

On June 1, 2005, the Court sentenced Sandoval to 46 months in the custody of the Bureau of Prisons, to be followed by a four-year supervised release term. (D.E. 35). The Court also imposed a $100 special assessment. (D.E. 35.) Judgment was entered on June 6, 2005. (D.E. 35.)

Consistent with his waiver of appellate rights, Sandoval did not appeal. Instead, he filed his first § 2255 motion on June 20, 2006.[2] (D.E. 37.) He filed the § 2255 motion addressed herein on

---

[2] The Clerk received Sandoval's motion on June 26, 2006. The motion indicates that it was signed, however, on June 20, 2006. (D.E. 37 at 7.) That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

February 26, 2007.[3] (D.E. 42.)

## III.  DISCUSSION

**A.    Second or Successive § 2255 Motions**

In pertinent part, 28 U.S.C. § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In accordance with the above, Sandoval was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  His motion does not indicate that he has sought or obtained such permission.  Until he does so, this Court does not have jurisdiction over his § 2255 motion.

**B.    Timeliness of 28 U.S.C. § 2255 Motion**

Sandoval's motion is also subject to dismissal because it is not timely.  A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the

---

[3] The Clerk received Sandoval's motion on March 1, 2007.  The motion indicates that it was signed, however, on February 26, 2007.  (D.E. 42 at 14; see also D.E. 42 at 15 (cover letter dated February 26, 2007.)  Pursuant to the authority cited in the preceding footnote, the motion is deemed filed as of February 26, 2007.  Even utilizing the earlier date, however, Sandoval's motion is untimely, as discussed herein.

judgment becomes final. 28 U.S.C. § 2255(1).  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003); <u>United States v. Gamble</u>, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As previously noted, Sandoval did not appeal.  Thus, his conviction became final when the time for filing an appeal expired.  Judgment in this case was entered on June 6, 2005. (D.E. 35.)  A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment.  Fed. R. App. P. 4(b).  As calculated under Fed. R. App. P. 26, those ten days exclude intermediate Saturdays, Sundays and legal holidays.  Calculated under Rule 26, ten days after June 6, 2005 was June 20, 2005.  Sandoval's conviction therefore became final on June 20, 2005.

He had one year from that date, or until June 20, 2006, to file a § 2255 motion.  Although his first motion appears to be timely filed, the instant § 2255 motion was not filed until February 26, 2007, more than eight months late.  Accordingly, it is untimely, utilizing § 2255(1).

The statute also provides certain alternative dates upon which the limitations period may begin, however.  Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Sandoval has not alleged facts that would support the application of any other subsection other than (1). Additionally, he does not seek equitable tolling, nor does the record disclose any basis for equitable tolling. United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases'") (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Accordingly, Sandoval's motion is barred by the applicable statute of limitations.

For the foregoing reasons, Sandoval's § 2255 motion is DENIED.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). Moreover, a COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Sandoval has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d

325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Sandoval's motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2255 motion on procedural grounds. Under the plain record of this case, his motion is second or successive, and he has not sought authorization from the Fifth Circuit to file it. Additionally, it is clear that Sandoval's motion is untimely. Accordingly, Sandoval is not entitled to a COA.

## IV. CONCLUSION

For the foregoing reasons, Sandoval's motion pursuant to 28 U.S.C. § 2255 (D.E. 42) is DISMISSED. Additionally, Sandoval is DENIED a Certificate of Appealability.

It is so ORDERED.

Signed this 29th day of May, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE